# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 04 CR 778 - 1, 2, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, 18 | **DATE** | 11/17/2004 |
| **CASE TITLE** | USA vs.Witold Osinski; Waclaw Rygiel; William Kurczodyna; Zofia Turkiewicz; Margaret Florczyk; Slawomir Szczepaniak; Agata Matysik; Jerzy Matysik; Alexander Simons; Serguei Kobets; Miroslaw Gorecki; Krzyzstof Gornik; Ludwig Truchalski; Arkadiusz Truchalski; Michal Skopek; Yevgeniya Zaslavskaya | | |

**MOTION:**

[In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]

(10)■ [Other docket entry] For the reasons stated in the attached memorandum opinion, we deny without prejudice the motions to adopt filed by Rygiel, L. Truchalski, Turkiewicz, Gorechi, A. Truchalski, Simons, Florczyk, Kurczodyna, and Zaslavskaya. We deny as moot the motions to disclose witnesses filed by A. Truchalski, Simons, Kurczodyna, and Zaslavskaya. We grant the motions to disclose expert witnesses filed by Turkiewicz, Simons, and Rygiel. We deny the motions for severance filed by Gorechi, A. Truchalski, Simons, Kurczodyna, and Zaslavskaya. We deny the motion for a bill of particulars filed by Rygiel and L. Truchalski. We grant in part and deny in part the motions to preserve and produce agents' notes and logs filed by Skopek, A. Matysik, L. Truchalski, and Florczyk. We deny without prejudice the motions for disclosure of impeaching and favorable evidence filed by Rygiel, Skopek, L. Truchalski, Turkiewicz, Gorechi, Simons, A. Matysik, and Florczyk, Kurczodnya. We grant the motions for disclosure of promises of immunity, leniency, or favorable treatment filed by A. Truchalski, Simons, and Zaslavskaya. In regards to the Rule 404(b) Motions filed by Turkiewicz, Gorechi, A.Truchalski, Simons, A. Matysik, Floczyk, Kurczodyna, Skopek, and Zaslavskaya we grant the motions to the extent that we order the Government to give notice of the general nature of the Rule 404(b) evidence it intends to introduce thirty days in advance of trial. In regards to the Rule 608(b) Motions filed by Gorechi, A.Truchalski, Simons, Kurczodyna, and Zaslavskaya we deny them and find that the Government is not required to give prior notice to any defendants with respect to its intent to use any Rule 608(b) evidence at trial. We deny without prejudice Florczyk's motion requesting disclosure by the Government of its intent to use evidence. We deny Simons' motion for pre-trial discovery without prejudice. We also deny without prejudice Turkiewicz' motion for a hearing or proffer an admissibility of co-conspirators' statements. Enter memorandum opinion.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. Memorandum distributed in open Court. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |

number of notices

NOV 18 2004

date docketed

Document Number

181

U.S. DISTRICT COURT

2004 NOV 17 PM 3: 51

FILED-TCH

docketing deputy initials

date mailed notice

MW

courtroom deputy's initials

Date/time received in central Clerk's Office

mailing deputy initials

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 04 CR 778 |
| | ) | |
| WITOLD OSINSKI, | ) | |
| WACLAW RYGIEL, | ) | |
| WILLIAM KURCZODYNA, | ) | |
| ZOFIA TURKIEWICZ, | ) | |
| MARGARET FLORCZYK, | ) | |
| SLAWOMIR SZCZEPANIAK, | ) | |
| AGATA TOMAL MATYSIK, | ) | |
| JERZY MATYSIK, | ) | |
| ALEXANDER SIMONS, | ) | |
| SERGUEI KOBETS, | ) | |
| MIROSLAW GORECKI, | ) | |
| KRZYZSTOF GORNIK, | ) | |
| ARKADIUSZ TRUCHALSKI, | ) | |
| LUDWIK TRUCHALSKI, | ) | |
| MICHAL SKOPEK, and | ) | |
| YEVGENIYA ZASLAVSKAYA, | ) | |
| | ) | |
| Defendants. | ) | |

**DOCKETED**
NOV 1 8 2004

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' pre-trial motions. For the reasons stated below, we deny the motions in part and grant the motions in part.

1

## BACKGROUND

The Government has brought an indictment against the 18 co-defendants in this action alleging that they were involved in fraudulent schemes that entailed falsifying accident reports and obtaining insurance proceeds. Pretrial motions have been filed by Defendants Waclaw Rygiel ("Rygiel"), Michael Skopek ("Skopek"), Ludwik Truchalski ("L. Truchalski"), Slawomir Szczepaniak ("Szczepaniak"), Jerzy Matysik ("J. Matysik"), Wintold Osinski ("Osinski"), Zofia Turkiewicz ("Turkiewicz"), Miroslaw Gorechi ("Gorechi"), Serguei Kobets ("Kobets"), Arkadiusz Truchalski ("A. Truchalski"), Alexander Simons ("Simons"), Agata Tomal Matysik ("A. Matysik"), Margaret Florczyk ("Florczyk"), William Kurczodyna ("Kurczodyna"), and Yevgeniya Zaslavskaya ("Zaslavskaya").

## DISCUSSION

We first note that we have reviewed the official court docket and it does not reflect that the Government has filed responses to some of Defendants' pre-trial motions. It is not clear whether it is the result of inadvertence on the Government's part or a clerical error by the Clerk's Office. In fairness we have given the Government leave to file a response to certain motions within a limited time period. We also note that several of the pre-trial motions that were filed by Defendants were not filed in a timely fashion and Defendants have not sought leave to file the motions beyond the deadlines provided by the court. However, again, in fairness we shall

allow the filings and have addressed the motions below. Also, we grant Kurczodyna's motion to file additional pretrial motions and have addressed the motions below.

## I. Motions to Adopt

Rygiel, L. Truchalski, Turkiewicz, Gorechi, A. Truchalski, Simons, Florczyk, Kurczodyna, and Zaslavskaya have filed motions to adopt the motions filed by their co-defendants. However, Defendants fail to specify which motions they are adopting. In a case such as this when there is a litany of pre-trial motions at issue it is improper for Defendants to adopt in general any motions that are relevant to their case. All the pre-trial motions are not necessarily equally applicable to all Defendants. Therefore, we deny Defendants' motions to adopt without prejudice. If a Defendant desires to adopt a motion filed by another Defendant, the motion must specify which motion is being adopted and we caution Defendants not to adopt all motions unless all the motions are applicable and relevant to their positions.

## II. Disclosure of Witnesses

A. Truchalski, Simons, Kurczodyna, and Zalavskaya move to have the Government disclose its witnesses prior to trial. Defendants request an order directing the Government to provide a list of witnesses along with their addresses and telephone numbers. The Government indicates that it will provide a list of

witnesses at a time "nearer to trial." However, the Government argues that the request is premature and that the Government is not obligated under Federal Rule of Criminal Procedure 16.1 to produce the list at this juncture. Thus, since Defendants merely seek a production of the list sometime prior to trial and the Government has represented to the court its willingness to produce the list sometime prior to trial, the motion requesting an order directing the Government to do so would serve no purpose and the motion is moot at this juncture.

Turkiewicz, Simons, and Rygiel have filed motions seeking the disclosure of expert witnesses and information concerning the witnesses. The Government acknowledges that it is obligated to disclose its expert witnesses and indicates that it will do so when directed by the court. Simons requests that the court order the Government to make expert disclosures 60 days prior to trial. Since the Government has voiced no objection to such a date we shall grant Simons' request and order the Government to make expert disclosures and provide the necessary information 60 days before trial. Therefore, we grant the motions for disclosure of expert witnesses and accompanying information.


III. Severance

Gorechi, A. Truchalski, Simons, Kurczodyna, and Zaslavskaya have moved for severance pursuant to Federal Rules of Criminal Procedure 8(b) and 14. The Government has charged 18 co-defendants in this action. Rule 8(b) explains the

4

requirements for a proper joinder of defendants and Rule 14(a) provides that "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Fed. R. Crim. P. 14(a). The Seventh Circuit has stated that there "is a strong presumption that co-conspirators will be tried jointly. . .[and][i]n order to obtain a severance from the trials of her co-defendants under Fed. R. Crim. P. 14, a defendant must prove that there is a 'serious risk that a joint trial would compromise a specific trial right.'" *U.S. v. Moore*, 363 F.3d 631, 642 (7th Cir. 2004)(quoting *United States v. Wilson*, 237 F.3d 827, 835 (7th Cir.2001)).

Defendants argue that Osinski is the only common thread between Defendants and that the only common theme among the Defendants is that all Defendants allegedly engaged in some sort of fraudulent scheme with Osinski involving false accident reports and insurance recoveries. Defendants argue that there is no evidence that they were all part of a common scheme or plan and Defendants argue that the facts involving the alleged scheme that each Defendant was involved in will vary. Defendants argue that they will be prejudiced if they remain joined because they will be unfairly connected to evidence of other schemes allegedly perpetrated by other Defendants and Defendants argue that they will be prejudiced by the amount and strength of evidence presented against other Defendants. Defendants also argue that, because of the multiple lines of evidence regarding the various

schemes, the trier of fact may get confused regarding which Defendant was involved in which alleged scheme. Defendants also argue that the trier of fact may be presented with inconsistent defenses or evidence.

The Government argues that all Defendants are part of a common scheme. According to the Government, Osinski, the owner of an auto-body shop, solicited the other Defendants besides Kurczodyna to file false insurance claims regarding fake accidents and to falsely assert that their vehicles suffered auto-body damage. The Government contends that in regards to all of the alleged false accidents involving Defendants: 1) Defendants were driving "high-end luxury vehicles," 2) the accidents were allegedly head on collisions, 3) no personal injury was alleged to have occurred, 4) no police reports were filed, and 5) the accidents occurred in close proximity to Osinski's auto-body shop. The Government contends that Kurczodnya was an insurance adjustor that agreed to "look the other way." The Government also contends that various Defendants were involved together in some of the allegedly false accidents and thus there is no simple severance point in regards to the various claims against Defendants. The Government claims that it is not as simple as dividing the Defendants according to the scheme that each perpetrated with Osinski. The Government argues that judicial economy will be best served with one joint trial and that any prejudice to Defendants caused by joinder can be alleviated with an appropriate jury instruction. We agree with the Government's arguments and we deny the motions for severance.

## IV. Bill of Particulars

Rygiel and L. Truchalski have filed motions for a bill of particulars. Pursuant to Rule 7(f) of the Federal Rules of Criminal Procedure a court may direct the government to file a bill of particulars. Specifically, Rule 7(f) provides:

> The court may direct the government to file a bill of particulars. The defendant may move for a bill of particulars before or within 10 days after arraignment or at a later time if the court permits. The government may amend a bill of particulars subject to such conditions as justice requires.

Fed. R. Crim. P. 7(f). In deciding whether a bill of particulars is necessary, a court must determine "whether the government's indictment sufficiently apprises the defendant of the charges to enable him to prepare for trial." *See U.S. v. Canino,* 949 F.2d 928, 949 (7th Cir. 1991)(citing *United States v. Kendall,* 665 F.2d 126, 134 (7th Cir.1981)). In addition, the Seventh Circuit has found that a court does not abuse its discretion in denying a motion for bill of particulars where the "indictment indicated the statute under which defendants were being charged, set forth each of the elements constituting a violation of that statute, and provided sufficient details regarding the defendants conduct for which they were being charged." *U.S. v. Fassnacht,* 332 F.3d 440, 446 (7th Cir. 2003).

### A. Rygiel

Rygiel has filed a motion requesting a bill of particulars from the government. Specifically, Rygiel requests that the court order the government to produce a bill of

7

particulars in which the government would be required to:

1. Describe any alleged false accident claims in addition to those described in paragraphs 19, 20, and 21 of the indictment, which the government contends is "relevant conduct' within he meaning of U.S.S.G. §1B1.3, for the purpose of determining the offense level under U.S.S.G. §2B1.1(b)(1).
2. State whether the government contends that any of the specific offense characteristics set forth in U.S.S.G. §2B1.1(b) apply to defendant's case, and if so, state the facts supporting such contention.
3. State whether the government contends that any of the adjustments set forth in Chapter Three of the Sentencing Guidelines apply to defendant's case, and if so, state the facts supporting such contention.

Mot. pp. 1-2. Rygiel argues that a bill of particulars is necessary "in order to put him on notice so that he can prepare for a jury trial of said matters pursuant to the ruling in *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004)(cert. granted)." *Id.*

We find that the government's indictment, taken as a whole, sufficiently apprises Rygiel of the charges against him and in doing so fairly enables him to prepare for his trial. Further, we note that Rygiel's motion for a bill of particulars does not present any arguments that the government's indictment (1) failed to indicate the statute under which he was charged; (2) failed to set forth each of the elements constituting a violation of that statute; or (3) failed to provide sufficient details regarding his conduct for which he was charged. *Fassnacht*, 332 F.3d at 446. Therefore, Rygiel's motion for a bill of particulars is denied.


## B. L. Truchalski

L. Truchalski has filed a motion requesting a bill of particulars from the

government. Specifically, L. Truchalski requests that the court order the government to produce a bill of particulars in which the government would be required to:

> 1. In Count One, Paragraph 30 of the Indictment, identify and provide the documents which tend to show that at the direction of (Co-Defendant) Witold Osinski, Defendant Ludwik Truchalski filed false and fraudulent insurance claims with American Family Insurance.

Mot. pp. 2. L. Truchalski argues that a bill of particulars is necessary because the Government's "indictment is replete with vague and ambiguous allegations regarding the conduct of [Truchalski]." *Id.*

L. Truchalski's argument that the Government's indictment is replete with vague and ambiguous allegations regarding his conduct is without merit inasmuch as Count I of the government's indictment specifically states:

> It was further part of the scheme that at the direction of Witold Osinski, defendants Ludwik Truchalski and Serguei Kobets filed false and fraudulent insurance claims with American Family Insurance, in claim number 00581-099204. Specifically, on or about December 19, 1999, defendants Ludwik Truchalski and Serguei Kobetss falsely and fraudulently claimed that defendant Ludwik Truchalski, who was allegedly driving a green 1993 Honda Accord, was involved in an accident with defendant Sergei Kobetss, who was allegedly driving a 1997 Lexus LS 400. Defendants Ludwik Truchalski and Serguei Kobetss knew at the time they filed their claims that no such accident occurred. To settle these false and fraudulent claims, American Family Insurance paid out $38, 968 in insurance proceeds.

Indictment pp. 18-19 ¶ 30. Accordingly, we find that the Government's indictment, taken as a whole, sufficiently apprises Truchalski of the charges against him and in

doing so fairly enables him to prepare for his trial. Therefore, Truchalski's motion for a bill of particulars is denied.

## V. Motions For Early Return of Subpoenas

Rygiel, Skopek, L. Truchalski, Turkiewicz, Simons, and Matysik have moved pursuant to Federal Rule of Criminal Procedure 17(c) for the entry of an order allowing Defendants to issue subpoenas for the production of documents prior to trial. We also note that Rygiel has moved pursuant to Federal Rule of Criminal Procedure 17(b) that his subpoenas be served by the United States Marshall and that the fees of the witnesses be paid by the United States Marshall. The official court docket does not reflect that the Government has filed a response to any of the above listed motions. We cannot tell whether the Government inadvertently failed to file the answers or whether there was a clerical error in the Clerk's Office and the answers did not get entered in the official record. We shall grant the Government leave until November 24, 2004, to file answers to these motions.

## VI. Motions to Preserve Notes and Logs

Skopek and A. Matysik seek in separate motions to have the Government "obtain and preserve for production" all "rough notes" by law enforcement authorities, investigative agencies, civilian agents, and informants, including notes of witness interviews and notes and logs relating to the execution of search warrants.

(Skopek Notes Mot. 1)(Matysik Notes Mot. 1). Skopek and A. Matysik also seek in separate motions for a hearing to determine whether sanctions are appropriate if the Government has already destroyed such notes or logs. (Skopek Notes Mot. 2)(Matysik Notes Mot. 2). L. Truchalski seeks to have the Government "preserve and produce" all notes taken by agents of the Government during interviews of witnesses of L. Truchalski. (L. Truchalski Notes Mot. 1). Florczyk seeks to have the Government "retain and preserve" all notes taken during the course of the investigation in this case. (Florczyk Notes Mot. 1).

In regards to the requests to obtain, retain, and preserve information, the Government expresses no objection to the extent that the scope of the preservation is of limited scope. The Government argues that it is not required to preserve any internal government documents, but agrees to preserve "agents' notes of any witnesses or" Defendants Skopek, A. Matysik, L. Truchalski, and Florczyk. (Ans. Skopek Notes Mot. 2-3); (Ans. A. Matysik Notes Mot. 4); (Ans. L. Truchalski Notes Mot. 6); (Ans. Florczyk Notes Mot. 3). Therefore, we grant the motion to preserve those notes that the Government agrees to preserve. In regards to the other notes and logs that would fall within Defendants' requests we grant the motion to preserve those notes as well. Neither the Government nor Defendants have indicated whether or not the parties conducted a discovery conference in accordance with Local Criminal Rule 16.1 during which the parties were supposed to address the issue of the preservation of handwritten notes to ensure that potentially discoverable

11

documents are not lost or destroyed. In the interest of justice we deem it appropriate at this juncture to ensure that no such documents are lost or destroyed until the parties have addressed the issue. Therefore, we grant Skopek's, A. Matysik's, L. Truchalski's, and Florczyk's motion to preserve the specified notes.

If the government discovers in its preservation efforts that some notes have been lost or destroyed the government should file a brief by November 24, 2004, with the court specifying which documents have been lost or destroyed. We deny Skopek's and A. Matysik's motion for sanctions without prejudice. If the government files a brief indicating that notes were already lost or destroyed and Defendants believe that a motion for sanctions is appropriate they may file a new motion.

In regards to A. Matysik's motion to obtain notes, Matysik has not indicated whether or not the parties conducted a discovery conference in accordance with Local Criminal Rule 16.1. Pursuant to Local Criminal Rule 12.1(b), if A. Matysik desires to file a motion for additional discovery after the 16.1 conference, A. Matysik must indicate in the motion that the 16.1 conference was held, the date of the conference, the name(s) of opposing counsel, and other information. A. Matysik did not include any of the information in his motion to obtain. Therefore, we deny the motion without prejudice.

VII. Motions for Disclosure of Favorable or Impeaching Evidence

Rygiel, Skopek, L. Truchalski, Turkiewicz, Gorechi, Simons, A. Matysik, and Florczyk, Kurczodnya move for disclosure of favorable evidence in the Government's possession, custody, or control that is required to be disclosed under Federal Rule of Criminal Procedure 16(a)(1), *Brady v. Maryland*, 373 U.S. 83 (1963), *Giglio v. United States*, 405 U.S. 150 (1972), *Agurs v. United States*, 427 U.S. 97 (1976), *United States v. Bagley*, 473 U.S. 667 (1985), and *Kyles v. Whitely*, 514 U.S. 419 (1995).

In *Brady* the Court indicated that "the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Brady*, 373 U.S. at 87. In *Giglio* the court held that "deliberate deception of a court and jurors by the presentation of known false evidence is incompatible with 'rudimentary demands of justice" and "[t]he same result obtains when the State, although not soliciting false evidence, allows it to go uncorrected when it appears." *Giglio*, 405 U.S. at 153-54. The court in *Giglio* also stated that "[w]hen the 'reliability of a given witness may well be determinative of guilt or innocence,' nondisclosure of evidence affecting credibility falls within this general rule. . .[, but] [the rule does not] automatically require a new trial whenever 'a combing of the prosecutors' files after the trial has disclosed evidence possibly useful to the defense but not likely to have changed the verdict . . . ." *Id.*; *See also U.S. v. Bastanipour*, 41 F.3d 1178, 1181 (7th Cir. 1994)(citing *Giglio* for principle

13

that "due process requires the disclosure of evidence which impeaches the credibility of a key prosecution witness."); *Balfour v. Haws*, 892 F.2d 556, 565 (7th Cir. 1989)(stating that "[t]he state is. . . under a general requirement to disclose to criminal defendants favorable, material evidence" and citing *Agurs* for the proposition).

In *Bagley* the Court held that evidence is "material" when there is a "reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different. . .[and][a] reasonable probability is a probability sufficient to undermine confidence in the outcome." 473 U.S. at 682; *U.S. v. Silva*, 71 F.3d 667, 670 (7th Cir. 1995)(quoting *Whitley* when stating that "[e]vidence is material only if there exists a 'reasonable probability' that its disclosure to the defense would have changed the result of the trial.").

Defendants seek the disclosure of evidence that relates to issues of their innocence or guilt or sentencing or that bears upon the credibility of a government witness. In response to the above motions the Government has indicated that it is unaware of any *Brady* material at this time, but it agrees to produce such evidence if it comes into the Government's possession. The government has indicated that it will comply with *Giglio* and *Brady* and that it has allowed Defendants to view records and has already provided Defendants with more than 5,200 pages of materials and is periodically updating all its disclosures. Defendants have not shown that the Government is not complying with Federal Rule of Criminal Procedure 16 or that the Government has not complied thus far with the above cited cases. The

Government has represented that it has made the files relating to this case available to Defendants and that the Government has an "open file policy." We agree that the motions seeking the disclosure of favorable or impeaching evidence are premature. We also note that none of the Defendants have complied with Local Criminal Rule 12.1(b), and included the necessary information in their motions. Therefore, we deny the motions without prejudice.

## VIII. Disclosures of Promises of Leniency or Immunity

A. Truchalski, Simons, and Zaslavskaya seek to have the Government to disclose the existence and substance of promises of immunity, leniency, or preferential treatment. The Government does not contest the fact that it must disclose such matters. The Government merely argues that it has allowed Defendants access to its files and that such disclosures are premature at this juncture. Defendants have not provided any law in support of their motion and have merely requested that the Government be ordered to disclose such information. Defendants do not request that the information be disclosed at a particular time or argue that the Government is obligated to disclose such matters at this juncture. We grant the Defendants' motions. We also note that the Government is not obligated to disclose such matters at this juncture as such disclosures are not yet required in this action.

## IX. Government Responses to Szczepaniak, Osinski, and Kobets Motions

Motions have been filed in this action by Szczepaniak, Osinski, and Kobets.

However, the official court docket does not reflect that the Government has filed a response to any of the motions filed by the above Defendants. We cannot tell whether the Government inadvertently failed to file the answers or whether there was a clerical error in the Clerk's Office and the answers did not get entered in the official record. We shall grant the Government leave until November 24, 2004, to file answers to these motions.

## X. Jerzy Matysik Motions

J. Matysik has filed motions in this action. The Government has filed what appears to be a response to the motions. However, in the initial text of the response the Government makes reference to "Agata Tomal Matysik." This is apparently a typographical error. However, in order to ensure that there is a clear record and ensure that there is no confusion we shall give the Government until November 24, 2004, to file a revised answer to the J. Matysik motions.

## XI. Notice of Government's intent to use Rule 404(b) and Rule 608(b) Evidence

### A. Rule 404(b)

Turkiewicz, Gorechi, A.Truchalski, Simons, A. Matysik, Floczyk, Kurczodyna, Skopek, and Zaslavskaya have each filed motions requesting notice from the Government of its intent to use any Rule 404(b) evidence at trial ("Rule 404(b) motions"). Rule 404(b) of the Federal Rules of Evidence entitled "Other

Crimes, Wrongs, or Acts", provides:

> Evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith. It may, however, be admissible for other purposes, such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, provided that upon request by the accused, the prosecution in a criminal case shall provide reasonable notice in advance of trial, or during trial if the court excuses pretrial notice on good cause shown, of the general nature of any such evidence in intends to introduce at trial.

Fed. R. Evid. 404(b). The Government has indicated that it will comply with the requirements of Fed. R. Evid. 404(b) by disclosing to the defense the general nature of any "other acts" evidence it intends to introduce approximately two to three weeks in advance of trial. Inasmuch as this case involves a multitude of defendants, we find it reasonable for the Government to disclose its Rule 404(b) evidence thirty days in advance of trial. Therefore, pursuant to Fed. R. Evid. 404(b) the Government is ordered to give notice of the general nature of the Rule 404(b) evidence it intends to introduce thirty days in advance of trial.

### B. Rule 608(b)

Gorechi, A.Truchalski, Simons, Kurczodyna, and Zaslavskaya have each filed motions requesting prior notice from the Government of its intent to use any Rule 608(b) evidence at trial ("Rule 608(b) motions"). Rule 608(b) of the Federal Rules of Evidence entitled "Specific instances of conduct", provides:

> Specific instances of conduct of a witness, for the purpose of attacking or supporting the witness' character for truthfulness, other than conviction of crime as provided in Rule 609, may not be proved by extrinsic evidence.

17

They may, however, in the discretion of the court, if probative of truthfulness or untruthfulness, be inquired into on cross-examination of the witness (1) concerning the witness' character fro truthfulness or untruthfulness, or (2) concerning the character for truthfulness or untruthfulness of another witness as to which character the witness being cross-examined has testified.

The giving of testimony, whether by an accused or by any other witness, does not operate as a waiver of the accused's or the witness' privilege against self-incrimination when examined with respect to matters that relate only to character for truthfulness.

Fed. R. Evid. 608(b). The Government has noted that unlike Rule 404(b), Rule 608(b) contains no notice requirement. Accordingly, the Government contends that it is not required to give prior notice to any defendants with respect to its intent to use any Rule 608(b) evidence at trial. Inasmuch as Fed. R. Evid. 608(b) does not contain language requiring prior notice, we find that the Government is not required to give prior notice to any defendants with respect to its intent to use any Rule 608(b) evidence at trial.

## XII. Disclosure of the Government's Intent to Use Evidence

In her motion for disclosure, Florczyk requests disclosure by the Government of its "intent to use (in its evidence-in-chief at trial) any evidence that the defendant may be entitled to discover under FRCRP[sic] 16." Mot. p.1. We find that Florczyk's motion is vague and unspecific as to the type evidence she requests. Further, we note that Florczyk filed four other pre-trial motions with this court which ask for essentially the same evidence, but in a more specific manner. Therefore, Florczyk's motion for disclosure of the Government's intent to use evidence is

denied without prejudice.

## XIII. Simons' Motion for Pre-trial Discovery

Simons has filed a motion for pre-trial discovery in which he requests the Government disclose the (1) statement of the Defendant; (2) Defendant's prior record; (3) documents and tangible objects; (4) reports of examinations and tests; (5) expert witnesses; and (6) any other evidence discoverable under Fed. R. Crim. P. 16. In his motion, Simons admits that there is "no live dispute regarding the government's production to date with respect to the tendered Rule 16 material." Mot. p.3. The court also notes that neither the Government nor Simons have indicated whether a discovery conference in accordance with Local Criminal Rule 16.1 has occurred. Pursuant to Local Criminal Rule 12.1(b), if Simons desires to file a motion for additional discovery after the 16.1 conference, Simons must indicate in motion that the 16.1 conference was held, the date of the conference, the name(s) of opposing counsel, and other information. Simons did not include any of this information in his motion for pre-trial discovery. Therefore, we deny Simons' motion for pre-trial discovery without prejudice.

## XIV. Admissibility of Co-Conspirator's Statements

Turkiewicz' motion for hearing or proffer on admissibility of co-conspirator's statements requests a hearing pursuant to Rule 104(a) of the Federal Rules of Evidence to "determine whether or not the statements of any of the co-conspirators

listed in the indictment and any other unindicted co-conspirator(s) are admissible against [Turkiewicz]." Mot. p. 1. In support of her motion, Turkiewicz states that "[i]t appears, upon information and belief that the government intends to introduce statements of alleged charged and uncharged co-conspirator(s) against [her] at trial, pursuant to Rule 801(d)(2)(E) of the Federal Rules of Evidence." *Id.* The court notes that neither the Government nor Turkiewicz have indicated whether a discovery conference in accordance with Local Criminal Rule 16.1 has occurred. Accordingly, we find Turkiewicz motion premature inasmuch as a discovery conference between the parties may make a hearing on the admissibility of such evidence unnecessary. Therefore, we deny Turkiewicz' motion without prejudice.

## CONCLUSION

Based on the foregoing analysis, we deny without prejudice the motions to adopt filed by Rygiel, L. Truchalski, Turkiewicz, Gorechi, A. Truchalski, Simons, Florczyk, Kurczodyna, and Zaslavskaya. We deny as moot the motions to disclose witnesses filed by A. Truchalski, Simons, Kurczodyna, and Zaslavskaya. We grant the motions to disclose expert witnesses filed by Turkiewicz, Simons, and Rygiel. We deny the motions for severance filed by Gorechi, A. Truchalski, Simons, Kurczodyna, and Zaslavskaya. We deny the motion for a bill of particulars filed by Rygiel and L. Truchalski. We grant in part and deny in part the motions to preserve and produce agents' notes and logs filed by Skopek, A. Matysik, L. Truchalski, and Florczyk. We deny without prejudice the motions for disclosure of impeaching and

favorable evidence filed by Rygiel, Skopek, L. Truchalski, Turkiewicz, Gorechi, Simons, A. Matysik, and Florczyk, Kurczodnya. We grant the motions for disclosure of promises of immunity, leniency, or favorable treatment filed by A. Truchalski, Simons, and Zaslavskaya. In regards to the Rule 404(b) Motions filed by Turkiewicz, Gorechi, A.Truchalski, Simons, A. Matysik, Floczyk, Kurczodyna, Skopek, and Zaslavskaya we grant the motions to the extent that we order the Government to give notice of the general nature of the Rule 404(b) evidence it intends to introduce thirty days in advance of trial. In regards to the Rule 608(b) Motions filed by Gorechi, A.Truchalski, Simons, Kurczodyna, and Zaslavskaya we deny them and find that the Government is not required to give prior notice to any defendants with respect to its intent to use any Rule 608(b) evidence at trial. We deny without prejudice Florczyk's motion requesting disclosure by the Government of its intent to use evidence. We deny Simons' motion for pre-trial discovery without prejudice. We also deny without prejudice Turkiewicz' motion for a hearing or proffer an admissibility of co-conspirators' statements.


Samuel Der-Yeghiayan
United States District Court Judge

Dated: November 17, 2004